```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OLEGARIO FLORES DE JESUS (AKA                               :
TOMAS GARCIA), individually and on behalf                   :
of others similarly situated,                               :
                                                            :
                                    Plaintiff,              :
                                                            :
                  - against -                               :
                                                            :
                                                            :
SUBWAY IP INC. (d/b/a SUBWAY),                              :
@SUBWAY INC. (d/b/a SUBWAY), JAMIE'S                        :
CATERING INC. (d/b/a SUBWAY),                               :
SUZANNE GRECO, RICHARD                                      :
SCHRAGGER, and EMILY ASCATIO,                               :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

                                    16-CV-6773 (VSB)

                                    **OPINION & ORDER**

Appearances:

Joshua S. Androphy
Michael Antonio Faillace
Michael Faillace & Associates, P.C.
New York, New York
*Counsel for Plaintiffs*

David Brian Lichtenberg
Melissa Jill Osipoff
Sarah Wieselthier
Fisher & Phillips LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Because I find that Plaintiff's amendment is not futile or prejudicial to Defendants, Plaintiff's motion is GRANTED.

I.      **Background and Procedural History**

Plaintiff Olegario Flores De Jesus, on behalf of himself and those similarly situated, brings this action for money damages under the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Specifically, Plaintiff alleges that he regularly worked over eighty hours per week at a Subway sandwich shop and did not receive (at times) minimum wages, overtime, or spread of hours pay when he worked more than ten hours in a day.  (*See* Compl. ¶¶ 71–87, 127–53.)[1]  Plaintiff also alleges that Defendants withheld portions of tips left for him when customers left those tips by credit card or by online order, (*id.* ¶¶ 88, 163–68), and that Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL, (*id.* ¶¶ 89–90, 157–62).

Plaintiff commenced this action on August 29, 2016 with the filing of his complaint. (Doc. 1.)  On December 5, 2016, Defendants answered the complaint.  (Doc. 27.)  Discovery closed on February 2, 2018.  (Doc. 59.)  Plaintiff filed the instant motion for leave to file an amended complaint on February 27, 2018, (Doc. 66), along with supporting materials, (Docs. 67–68).  Defendants filed their opposition on March 19, 2018, (Doc. 71), and Plaintiff filed his reply in further support of his motion on March 28, 2018, (Docs. 74–75).

The proposed amended complaint would add claims against two additional defendants who Plaintiff alleges are liable as franchisor employers:  Franchise World Headquarters LLC ("FWH") and Doctors Associates Incorporated ("DAI").  (*See* Androphy Decl. Ex. B.)[2]  Plaintiff learned through discovery, including the deposition of Defendant Subway IP Inc.'s ("Subway") Rule 30(b)(6) designee, that FWH and DAI may be liable as franchisors.  (*See id.* ¶¶ 6–7.)

---

[1] "Compl." refers to Plaintiff's complaint, filed August 29, 2016.  (Doc. 1.)

[2] "Androphy Decl." refers to the Declaration of Joshua S. Androphy in Support of Plaintiff's Motion for Leave to File First Amended Complaint, filed February 27, 2018.  (Doc. 67.)

2

Among other things, the Rule 30(b)(6) designee testified that she is an employee of FWH, for which she oversees the evaluation process of franchisee Subway shops.  (*Id.* ¶ 7.)  She also testified that DAI is the entity responsible for the oversight of franchisees.  (*Id.*)  Both FWI and DAI are wholly-owned subsidiaries of Defendant Subway.  (*Id.*)

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Leave to amend, though liberally granted, may properly be denied for:  'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment."  *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586(LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted).  Absent a showing of bad faith or undue prejudice, however, "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend."  *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted).

Where the plaintiff seeks to add additional defendants, Rule 21 of the Federal Rules of Civil Procedure permits such joinder "at any time, on just terms."  Fed. R. Civ. P. 21.  In practice, the standard for deciding whether to permit joinder under Rule 21 is "the same standard of liberality afforded to motions to amend pleadings under Rule 15."  *Rush v. Artuz*, No. 00CIV3436(LMMDF), 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527–28 (S.D.N.Y. 1980)); *see also Johnson v. Bryson*, 851 F. Supp. 2d

3

688, 703 (S.D.N.Y. 2012) ("[T]he showing necessary under Rule 21 is the same as that required under Rule 15(a)."). Accordingly, Plaintiff's motion should be permitted absent a finding of undue delay, bad faith, prejudice, or futility.

### III.  Discussion

In opposing Plaintiff's motion, Defendants argue that Plaintiff waited until after the close of discovery to make his application, and that Plaintiff's undue delay is prejudicial to Defendants. (*See* Defs. Opp. 4–6.)[3] Defendants also argue that Plaintiff's amendment would be futile. (*See id.* 7–11.) For the reasons that follow, I disagree.

#### A.  *Undue Delay and Prejudice*

Where a significant period of time has passed prior to filing a motion to amend, the moving party must provide an explanation for the delay. *See Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Similarly, "[s]imply alleging that the plaintiff could have moved to amend earlier than [he] did . . . is insufficient to demonstrate undue delay." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *see also Pearlstein v. BlackBerry Ltd.*, No. 13-CV-7060 (TPG), 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) ("Alleging that the plaintiff *could have* moved to amend earlier because he had knowledge of facts underlying the proposed amendment is insufficient to demonstrate undue delay.").

Prejudice to the nonmoving party "has been described as the most important reason for

---

[3] "Defs. Opp." refers to the Brief of Defendants Subway IP, Inc. and Suzanne Greco in Opposition to Plaintiff's Motion to File a First Amended Complaint, filed March 19, 2018. (Doc. 71.)

denying a motion to amend." *Frenkel v. N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)). To determine prejudice, courts consider whether amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Courts in this Circuit "also consider the particular procedural posture of the case." *Agerbrink*, 155 F. Supp. 3d at 454 (collecting cases).

Here, Plaintiff waited to move to amend the complaint until after he had completed the deposition of Defendant Subway's Rule 30(b)(6) designee—a deposition that was adjourned twice at Subway's request and as a result occurred near the end of fact discovery. (*See* Androphy Reply Decl. Exs. A, B.)[4] Plaintiff plausibly contends that he waited until after taking the deposition and receiving the transcript in order to uncover and have the transcript containing the relevant facts necessary to propose an amendment. Accordingly, Plaintiff provides a satisfactory explanation for the delay.

Defendants argue that Plaintiff unduly delayed because he could have amended the complaint earlier in the litigation. Specifically, Plaintiff was aware—or should have been aware—of the identities of FWH and DAI as early as July 2017, as a result of other discovery that Defendants produced to Plaintiff at that time. Even if this were factually true, it is not a basis to deny leave to amend. *See Agerbrink*, 155 F. Supp. 3d at 452. Furthermore, Plaintiff's

---

[4] "Androphy Reply Decl." refers to the Reply Declaration of Joshua S. Androphy in Further Support of Plaintiff's Motion for Leave to File First Amended Complaint, filed March 28, 2018. (Doc. 75.)

delay is explained by his efforts to diligently confirm the roles of the additional defendants through the Rule 30(b)(6) designee.

To demonstrate prejudice, Defendants argue this amendment will necessitate further discovery, including retaking the deposition and/or seeking additional vehicles of discovery of Plaintiff. (Defs. Opp. 6–8.) This alleged prejudice, on its own, does not justify denying leave to amend. *See United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."). Moreover, Plaintiff filed his motion just after the close of discovery, and neither a summary judgment briefing schedule nor a trial date has been set. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (allowing amendment and citing lack of pending dispositive motions or trial date); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (granting leave to amend where trial date had not been set and claims against new defendants did "not raise factual claims unrelated to the events [in] its original . . . complaint"). Therefore, although the amendment may warrant additional discovery, it should not significantly prolong the resolution of the action. Accordingly, Defendants have not demonstrated that Plaintiff was acting in bad faith or that Defendants would be unduly prejudiced by the amendment.

      **B.**    *Futility*

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). As such, the test with respect to futility is whether the amendment states a claim upon which relief can be granted. *See id.* To state a FLSA claim against a franchisor, a

plaintiff must allege "sufficient facts to support the inference that the franchisor defendants exercised control over [a plaintiff's] employment at the . . . franchise restaurants in question." *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206–07 (S.D.N.Y. 2014) (denying motion to dismiss where allegations stated claim against alleged franchisor defendant). "[C]ontrol is the key factor in determining . . . whether an entity or person qualifies as an 'employer,'" and control may be "formal" or "functional." *Id.*

Here, the allegations in the proposed amended complaint set forth a basis for holding FWH and DAI liable as Plaintiff's employers because they show that FWH and DAI exercised control over the Subway franchise and over Plaintiff's employment. For example, the proposed amended complaint alleges that the franchisor Defendants, including FWH and DAI, benefitted from Plaintiff's work, maintained the authority to inspect the Subway franchise where he worked, maintained the right to terminate the franchise for violation of the franchise agreement and/or for violation of the law, guided franchisees in how to hire and train employees, maintained requirements as to layout, provided materials for franchisees to give to employees directing them how to perform their jobs, and had the ability to review records as to the records of hours and wages worked by employees such as Plaintiff. (Androphy Decl. Ex. 2 ¶¶ 2, 15, 22–24, 27–28, 46–57.) These allegations plausibly allege formal control over employment such that FWH and DAI can be held liable as employers. *See Olvera*, 73 F. Supp. 3d at 207. Accordingly, Defendants have not demonstrated that Plaintiff's amendment would be futile.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is GRANTED. Plaintiff is directed to file his first amended complaint within seven (7) days of the date of this Opinion and Order. The parties are directed to meet and confer as to any additional

discovery and to file a joint letter on or before August 6, 2018 with a proposed date for the close of discovery. In addition, to the extent that either party intends to file a motion for summary judgment the joint letter should include a proposed briefing schedule.

SO ORDERED.

Dated: July 17, 2018
     New York, New York

_____
Vernon S. Broderick
United States District Judge