UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OLEGARIO FLORES DE JESUS,                                   :
                                                            :
                              Plaintiff,                    :
                                                            :                16-CV-6773 (VSB)
            -against-                                       :
                                                            :                **ORDER**
SUBWAY IP INC., et al.,                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

   The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 88.) The parties submitted a settlement agreement for my approval on January 17, 2019, (Doc. 89), which I did not approve due to an overbroad release. (Doc. 90). The parties submitted a second proposed settlement agreement for my approval on November 21, 2019. (Doc. 91.)

   Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the parties' settlement is fair and reasonable and therefore approve the settlement.

  **I.**  <u>**Legal Standard**</u>

   To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's

range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

In January 2019, the parties submitted a letter detailing why they believed the original settlement reached in this action, and the contemplated attorneys' fees, were fair and reasonable, (Doc. 89). On November 1, 2019, I issued an Order denying the motion to approve the settlement because the settlement contained an overbroad release, and directed the parties to file a revised settlement agreement. (Doc. 90). On November 21, 2019, the parties submitted a

revised settlement and a joint letter stating that they have revised the agreement in accordance with my instructions. (Doc. 91.) I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the settlement agreement of the parties.

### A.    *Settlement Amount*

I first consider the settlement amount. The agreement provides for a settlement amount of $35,000, with $11,667 to be distributed in attorneys' fees and costs, for a total distribution to Plaintiffs of $23,333. (Doc. 89.) Counsel represents that the maximum recovery, including liquidated damages, for the Plaintiff would be $250,000. (*Id.*) While the settlement amount is therefore only a fraction of the total amount Plaintiffs claim could be recovered, the parties argue that this settlement is fair in light of the litigation risks particular to this case. Plaintiffs face a summary judgment motion and risk dismissal of their claims. (*Id.*) Furthermore, this settlement is only with respect to the franchisor, and Plaintiff can still pursue his claims against the franchisee. (*Id.*) In addition, the settlement payments will begin within 21 days of approval of the settlement. (*Id.*)

The parties' settlement agreement appears to have been the result of arm's-length negotiations between experienced counsel. In addition, the potential costs of continued litigation militate in favor of settlement of this case. The parties reached a settlement prior to the close of discovery, and would face costly additional proceedings, motion practice, or an eventual trial should I reject the settlement. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties

3

and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B. *Attorneys' Fees*

I next consider the attorney's fees contemplated in the settlement agreement. The attorneys' fees and costs sought total $11,667, $1,071.60 of which are costs. This amount represents approximately one-third of the total settlement amount. In support of this request, Plaintiffs' counsel submitted contemporaneous time records and costs in this case, which total over $31,560, and $1071.60 in costs. (Doc. 89.) As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. See *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (*quoting Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). This conclusion is buttressed by the fact that the requested amount is less than the calculated lodestar, while courts routinely approve attorneys' fees with multipliers of two to six times the lodestar. *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011). Furthermore, the hourly rate of $400 per hour is within the range of reasonable attorneys' fees. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 27–29 (S.D.N.Y. 2015). Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 8, 2020
      New York, New York

_____
Vernon S. Broderick
United States District Judge